[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-10958

_____

MATTHEW CHARLES CARDINALE,

Plaintiff-Appellant,

*versus*

CITY OF ATLANTA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:20-cv-01077-AT

_____

2                  Opinion of the Court                  21-10958

Before GRANT, LUCK, and HULL, Circuit Judges.

PER CURIAM:

As part of its prohibition against campaigning for public office within City Hall, the City of Atlanta does not permit speakers to identify themselves as candidates during the public comment period at meetings of the city council and its committees. Matthew Cardinale, who previously ran for city council and plans to run again, sued the City seeking a declaratory judgment that this policy violates the First Amendment as a content-based restriction on free speech. On cross-motions for summary judgment, the district court granted summary judgment to the City. Cardinale now appeals.

We review a district court's decision on cross-motions for summary judgment de novo. *Chavez v. Mercantil Commercebank, N.A.*, 701 F.3d 896, 899 (11th Cir. 2012). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

To assess whether the government may prohibit private speech that occurs on government property, courts employ a forum analysis, which determines the applicable level of scrutiny based on the type of government property at issue. *See Keister v. Bell*, 29 F.4th 1239, 1251 (11th Cir. 2022). We recognize four categories of government property: "the traditional public forum,

21-10958          Opinion of the Court          3

the designated public forum, the limited public forum, and the nonpublic forum." *Id.*

The City argued in its summary judgment motion that the limited public forum category applies here and that the restriction at issue need only be reasonable and viewpoint neutral. In response, Cardinale agreed that the city council meetings are limited public fora,[1] but contended that strict scrutiny applies because the speech restriction is content based, relying on the Supreme Court's decision in *Reed v. Town of Gilbert*, 576 U.S. 155 (2015). He also argued in the alternative that even if *Reed* did not require strict scrutiny, the policy still fails.

The district court correctly concluded that *Reed* did not change the level of scrutiny that we apply in a limited public forum. *Reed* addressed restrictions on the content of outdoor signs placed in "the public right-of-way abutting the street" and elsewhere around the town, and it applied strict scrutiny as is appropriate for that forum. *Id.* at 161, 171. *Reed* did not dictate that strict scrutiny applies to all content-based restrictions regardless of forum type—that is why, in the several years since *Reed*, both the Supreme Court and this Circuit have continued to differentiate among forum types when determining the level of scrutiny to apply. *See, e.g., Minnesota Voters All. v. Mansky*, 138 S. Ct. 1876, 1885–86 (2018); *Keister*, 29 F.4th at 1251–57.

---

[1] We decline to address Cardinale's new position on appeal that the meetings are designated public fora.

In a limited public forum, the government "may be justified in reserving its forum for certain groups or for the discussion of certain topics." *Good News Club v. Milford Cent. Sch.*, 533 U.S. 98, 106 (2001) (quotation and brackets omitted). This power to restrict speech is "not without limits"—the restriction cannot "discriminate against speech on the basis of viewpoint," and it must "be reasonable in light of the purpose served by the forum." *Id.* at 106–07 (quotation omitted).

Applying that standard, the district court correctly upheld the City's policy against candidate self-identification. Cardinale does not contend that the policy discriminates based on viewpoint. And we agree with the district court's conclusion that prohibiting speakers from discussing their candidacy is reasonable in light of the purpose of the forum—conducting city business—because it limits potential disruption and decreases the need for difficult judgments about whether speech amounts to campaigning. Cardinale argues on appeal that this speech restriction must be narrowly tailored to the purpose of the limited public forum, but he relies on an unpublished case, *Cleveland v. City of Cocoa Beach*, 221 F. App'x 875 (11th Cir. 2007). There, the panel concluded that a prohibition on the display of campaign materials during a city commission meeting was reasonable "given the limited forum in which it was applied and because it was narrowly tailored to serve a legitimate government interest." *Id.* at 880. Even assuming Cardinale properly preserved this argument, we are not persuaded

21-10958              Opinion of the Court                    5

that *Cleveland* reflects a requirement that all content-based speech restrictions in a limited public forum must be narrowly tailored.

Because the City's policy is reasonable, we **AFFIRM** the district court's summary judgment order.[2]

---

[2] The City's motion for leave to file a supplemental brief and Cardinale's motion for leave to file a response are **DENIED**.